IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PAUL SINKFIELD,
    Petitioner,

v.                                        Case No.  3:04cv111/MCR/MD

JAMES V. CROSBY,
    Respondent.
_____

## REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 6).  Respondent has filed a motion to dismiss the petition as untimely.  (Doc. 12).  In response, petitioner has filed a motion to dismiss respondent's motion to dismiss as frivolous and without merit.  (Doc. 15).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B).  After careful consideration, it is the opinion of the undersigned that the pleadings and attachments before the court show that the petition is timely.  Therefore, the respondent should be required to file an answer.

## BACKGROUND

In 1999 petitioner was charged in the Escambia County Circuit Court, case number 98-02297, with aggravated battery with a deadly weapon committed upon Jessica Alderman (Count I), aggravated battery with a deadly weapon committed upon Clayton Moore (Count II) and robbery with a deadly weapon (Count III).  (Doc.

13, Ex. A).[1] He was found guilty by jury verdict of Count II as charged, and acquitted of Counts I and III. (Exs. C & D). On October 26, 2000 petitioner was sentenced as an habitual felony offender to 15 years imprisonment. (Ex. E, pp. 19-92). On direct appeal, petitioner's appellate counsel submitted a brief in accordance with *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967), asserting the unavailability of good faith arguments of error. (Ex. F). Petitioner filed a *pro se* initial brief. (Ex. G). The Florida First District Court of Appeal ("Florida First DCA") affirmed petitioner's conviction and sentence without written opinion on February 7, 2002. *Sinkfield v. State*, 808 So.2d 218 (Fla. 1st Dist. Ct. App. 2002) (Table) (copy at Ex. J).[2]

## PROCEDURAL HISTORY

On December 13, 2002 petitioner filed a motion for post-conviction relief pursuant to FLA.R.CRIM.P. 3.850. (Ex. L). The trial court summarily denied the motion on February 19, 2003. (Ex. M). Petitioner did not timely appeal the trial court's denial order. Approximately one year later, on February 3, 2004, petitioner filed a petition for belated appeal in the Florida First DCA. (Ex. N). He asserted that he had been unable to file a timely notice of appeal because he was locked in some type of segregated confinement during the 30-day period for filing a notice of appeal, that despite his requests for assistance from prison officials he was unable to submit a timely notice of appeal, and that when he was released from segregated confinement on April 18, 2003, he was transferred to the Reception and Medical Center where he was able to procure assistance in preparing the petition for belated appeal. (*Id.*). On March 30, 2004 the First DCA issued an opinion denying the petition for belated appeal. *Sinkfield v. State*, 869 So.2d 641 (Fla. 1st Dist. Ct. App. 2004) (copy at Ex. O) (citing *Jordan v. State*, 549 So.2d 805 (Fla. 1st Dist. Ct. App. 1989).

---

[1] Hereafter all references to exhibits will be to those attached to Doc. 13 unless otherwise noted.

[2] After imposition of petitioner's sentence, and before the notice of appeal was filed on direct appeal, petitioner filed a petition for habeas corpus in the Florida Supreme Court. The petition was denied as procedurally barred on April 25, 2001. *Sinkfield v. State*, 790 So.2d 1108 (Fla. 2001) (copy at Ex. V).

On May 1, 2003, three months after the trial court denied petitioner's Rule 3.850 motion but before the petition for belated appeal was filed, petitioner filed a motion to correct illegal sentence pursuant to FLA.R.CRIM.P. 3.800. (Ex. P). The trial court entered an order denying the motion on May 12, 2003. (Ex. Q). On appeal, the Florida First DCA affirmed the denial order without written opinion on October 8, 2003. *Sinkfield v. State*, 857 So.2d 884 (Fla. 1st Dist. Ct. App. 2003) (Table) (copy at Ex. T). The mandate issued November 4, 2003. (Ex. U). Petitioner filed the instant federal habeas petition on March 24, 2004.[3] (Doc. 1). He filed an amended petition on June 17, 2004. (Doc. 6).

## DISCUSSION

Because petitioner filed this § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs the present petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). Pursuant to 28 U.S.C. § 2244, a one-year period of limitation applies to the filing of a federal habeas corpus petition by a person in custody pursuant to a state court judgment. The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (c) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[3]Although petitioner signed a declaration under penalty of perjury stating that his petition was delivered to prison officials for mailing on April 22, 2004, (doc. 1, p. 6), the institutional stamp indicates that petitioner provided the petition to prison officials for mailing on March 24, 2004 (*id.*, p. 1). The court will give the petitioner the benefit of the earlier date.

*Case No: 3:04cv111/MCR/MD*

>   **(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.**

§ 2244(d)(1).  According to the tolling provision of § 2244(d), the time during which a "properly filed" application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation.  28 U.S.C. § 2244(d)(2).

In the instant case, petitioner has not asserted that a government-created impediment to his filing existed, that he bases his claim on a right newly recognized by the Supreme Court, or that the facts supporting his claim could not have been discovered through the exercise of due diligence before the filing of this petition.  Thus, the statute of limitations must be measured from the remaining trigger, which is the date on which his conviction became final.  See 28 U.S.C. § 2244(d)(1).

The Florida First DCA affirmed petitioner's conviction on February 7, 2002.  Petitioner did not seek review of his conviction in the Florida Supreme Court or in the United States Supreme Court.  Accordingly, his judgment of conviction became "final," and the one-year limitation period began to run, on May 8, 2002 when the ninety-day period in which to seek *certiorari* from the United States Supreme Court expired.[4]  See 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002) (for purposes of § 2244(d)(1)(A), the one-year limitation period began to run when the time expired for filing a petition for *certiorari* with the United States Supreme Court); *Jackson v. Secretary for the Dep't of Corrections*, 292 F.3d 1347, 1349 (11th Cir. 2002); *accord Kaufman v. United States*, 282 F.3d 1336, (11th Cir. 2002) (applying same rule to motion filed under 28 U.S.C. § 2255).

Calculating the time period from May 8, 2002, 218 days elapsed before petitioner filed his Rule 3.850 motion for post-conviction relief.[5]  This motion was

---

[4]Petitioner argues that he had 90 days from the date of issuance of the mandate in his direct appeal in which to seek review in the United State Supreme Court. (Doc. 15, p. 2).  That is incorrect.  The 90-day period for filing in the United States Supreme Court a petition for a *writ of certiorari* seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of issuance of the mandate.  See SUP. CT. R. 13.3.

[5]*Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (for petitioners whose convictions became final after the enactment of the AEDPA, FED.R.CIV.P. 6(a) applies to the calculation of the one-year statute of limitations).  Rule 6(a) provides that the day of the act, event, or default from which the designated period of time begins to run shall not be included.  FED.R.CIV.P. 6(a).

Case No: 3:04cv111/MCR/MD

pending from December 13, 2002 (the date it was filed) until March 21, 2003 (expiration of the 30-day period for filing a notice of appeal of the trial court's order).[6] The limitation period was tolled during this time.

The parties agree that the limitation period began to run again on March 21, 2003, and continued to run until petitioner filed his Rule 3.800 motion to correct illegal sentence on May 1, 2003. (*See* Doc. 12, p. 7; Doc. 15, p. 3). This was a period of 40 days. Petitioner's Rule 3.800 motion was pending from May 1, 2003 (the date it was filed) until November 4, 2003 (the date the Florida First DCA issued the mandate on petitioner's appeal of the order denying relief).[7] By then, petitioner had used 258 days of his allotted 365 days under the statute of limitations. He had another 107 days (until February 19, 2004), to file a federal habeas petition.

The pivotal issue in determining the timeliness of petitioner's federal habeas petition is whether his state-court petition for belated appealed filed February 3, 2004, from the summary denial of his Rule 3.850 motion tolled the AEDPA's limitation period. This court has not found, nor has the respondent provided, case law to suggest that petitioner's application for belated post-conviction appeal does not fall within the definition of an "application for State post-conviction or other collateral review" under § 2244(d)(2). Furthermore, respondent does not contend petitioner's petition for belated appeal failed to comply with the applicable laws and rules governing such filings--namely FLA.R.APP.P. 9.141(c)--or that his belated appeal application was in any other respect not "properly filed" for purposes of 28 U.S.C. § 2244(d)(2). In fact, the record establishes that the Florida First DCA accepted petitioner's petition but denied leave to appeal. (Ex. O). Moreover, respondent does

---

[6]Because petitioner did not file a notice of appeal of the trial court's February 19, 2003 order denying his Rule 3.850 motion, that motion is deemed "pending" for purposes of § 2244(d)(2), until the 30-day period for seeking appellate review expired. *See Carey v. Saffold*, 536 U.S. 214, 219-20 122 S.Ct. 2134, 2138, 153 L.Ed.2d 260 (2002) (an application is "pending" as long as the state collateral review process is "in continuance--i.e., 'until the completion of' that process."); *Wade v. Battle*, 379 F.3d 1265, 1262 (11th Cir. 2004) (state habeas petition remained "pending" under § 2244(d)(2) until its denial and also until the state deadline for filing a petition for review at the next level expired).

[7]*See Nyland v. Moore*, 216 F.3d 1264 (11th Cir. 2000) (recognizing that a "properly filed" state postconviction petition is "pending" under Florida procedure -- and consequently tolls the limitations period -- until the appellate court's issuance of the mandate on appeal).

not dispute that the petition for belated post-conviction appeal was filed prior to expiration of the limitation period. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding that "even 'properly filed' state court petitions must be 'pending' in order to toll the limitations period").

Respondent argues the following reasons why this court should not find that petitioner's petition for belated appeal tolled the statute of limitations:

> Although Florida rules of appellate procedure permit the filing of petitions for belated appeals, FLA.R.APP.P. 9.141(c), the granting of a delayed appeal is not a certainty. And, while an appeal may be revived, the prospect of revival does not render the appeal "pending" in the interim. Herein, Petitioner was not ultimately relieved of the 30-day filing requirement by the district court and finality of the state judgment was not delayed during any intervening period preceding the First District Court's ultimate denial of the petition. To conclude otherwise would allow state prisoners to use belated appeal petitions to stall out state judgment finality regardless of whether or not state action hindered a timely filing. *Compare Moore v. Crosby*, 321 F.3d 1377 (11th Cir. 2003); *Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000).

(Doc. 12, pp. 7-8).

The Eleventh Circuit has not directly addressed the issue of whether an unsuccessful application for belated post-conviction appeal filed prior to expiration of the statute of limitations tolls the limitation period. A helpful case from this Circuit, although not directly on point, is *Moore v. Crosby*, 321 F.3d 1377 (11th Cir. 2003). In *Moore*, the petitioner argued that his second petition for belated appeal from the state court's denial of his Rule 3.850 motion had the effect of tolling the AEDPA's limitation period even though the second petition was filed (and ultimately granted) <u>beyond</u> the federal limitations period. *Id.*, at 1379. The *Moore* court determined that the petitioner was arguing to reinitiate the limitations period which, under the statute, was not permitted. *Id.* The court additionally held that the granting of the petitioner's second petition for belated post-conviction appeal could not "retroactively" toll periods in which the petitioner was not attempting to exhaust state remedies. *Id.*, at 1380-81 ("A state application filed after expiration of the limitations period does not relate back so as to toll idle periods preceding the filing of the federal petition.). Although the court in *Moore* was not called upon to address

the effect of that petitioner's <u>first</u> motion for belated post-conviction appeal which had been denied, the court noted that it had <u>excluded from calculation of the limitation period the time during which that first application was pending</u>. *Id.*, 1378-79 and n. 1.[8]  This leads the undersigned to conclude that the Eleventh Circuit would find that an application for belated post-conviction appeal that is "properly filed" before expiration of the federal limitation period would toll the limitation period under § 2244(d)(2), regardless of whether it is granted or denied on the merits.

This conclusion is consistent with the Fifth Circuit's analysis in *Melancon v. Kaylo*, 259 F.3d 401, 407 (5th Cir. 2001), which the Eleventh Circuit adopted in *Moore, supra*.  See *Moore*, 321 F.3d at 1380-81.  In *Melancon* the Fifth Circuit held that at the point when the state limitations period for appealing the trial court's denial of post-conviction relief expired, that application ceased to be pending, <u>but that a subsequent properly filed application for belated appellate review of that decision entitled the petitioner to additional tolling beginning at the time of the "proper" filing</u>.  *Melancon*, 259 F.3d at 407.  This finding, the Fifth Circuit reasoned, was consistent with Congress' intent to encourage exhaustion of state remedies without permitting petitioners to indefinitely toll the limitation period.  *Id.*; see also, e.g., *Fernandez v. Sternes*, 227 F.3d 977, 980-81 (7th Cir. 2000) (treating prisoner's motion for permission to file a late petition for leave to appeal the final order in his state collateral review proceeding as a "properly filed application for state collateral review;" and holding that the motion was "pending" from the date it was filed until the date the state appellate court rendered its final decision denying the petition for leave to appeal on the merits); *Gibson v. Klinger*, 232 F.3d 799 (10th Cir. 2000) (holding that prisoner's <u>second</u> application for leave to file post-conviction appeal out of time tolled the AEDPA's limitation period from the date it was filed until the date the state appellate court affirmed the denial of post-conviction relief; but that

---

[8]The undersigned acknowledges that the Eleventh Circuit's exclusion of "the periods during which the petitioner's Rule 3.850 motion and his first state petition seeking a belated appeal were actually pending" is somewhat confusing, because the court went on to find that 367 days had elapsed at the time the first state motion for belated post-conviction appeal was filed.  Nonetheless, this indicates the Eleventh Circuit's willingness to consider a "properly filed" petition for belated post-conviction appeal that is pending prior to expiration of the limitations period as meeting the requirements for invoking the benefit of § 2244(d)(2).

prisoner's <u>first</u> application for leave to file post-conviction appeal out of time did not toll the limitation period because the prisoner did not properly employ "state court procedures" in attempting to exhaust his state court remedies);[9] *United States ex rel. Noel v. Clark*, 74 F.Supp.2d 800, 802 (N.D. Ill. 1999) (although "limitations period began to run . . . when the time expired for [prisoner] to seek review in the Illinois Supreme Court of the decision on his state habeas petition, . . . the clock stopped . . . when he sought permission to file a late petition [for leave to appeal] and remained stopped [until] . . . the state supreme court denied . . . leave to appeal," because the "[S]tate of Illinois allows motions" for leave to file out-of-time appeals).

Turning to the specific points raised by respondent in opposition to allowing petitioner the tolling benefit of § 2244(d)(2), the court is not persuaded by respondent's argument that "the granting of a delayed appeal is not a certainty."

---

[9]The *Gibson* case involved a prisoner confined pursuant to an Oklahoma judgment of conviction. The Tenth Circuit explained its reasoning for concluding that the prisoner's first application did not toll the limitations period, as follows:

> Oklahoma law allows a prisoner to file applications for leave to appeal out of time, requiring that he seek permission of both the district and the appellate courts before filing an actual appeal out of time. Okla. Stat. tit. 22, § 18 app. rule 2.1(E)(1); *Banks v. Oklahoma*, 953 P.2d 344, 346-47 (Okla.Crim.App. 1998). Under Oklahoma's rule, a petitioner seeking permission to appeal out of time must file an "application for Post-Conviction Relief," asking the state district court to grant leave to petition the appellate court. Okla. Stat. tit. 22, § 18 app. rule 2.1(E)(1). The petitioner may then appeal the district court's grant or denial to the Oklahoma Court of Criminal Appeals. *Id.* § 18 app. rule 2.1(E)(1). Permission of the state appellate court is required before a petitioner may file the actual appeal. *Id*.
>
> Mr. Gibson allowed the statutory grace period for appeal to lapse on May 25, 1996, and did not begin the process that resulted in his actual appeal out of time until November 12, 1996, when he asked the state district court [a second time] for leave to appeal out of time. Although Mr. Gibson properly filed a motion for leave to appeal in state district court on June 13, 1996, he did not file a subsequent motion in the Oklahoma Court of Criminal Appeals as required by statute, choosing instead to wait and begin the process again in the state district court in November 1996. Hence, although Mr. Gibson properly used state court procedures to file a post-conviction application for leave to appeal with the state district court on June 13, 1996, tolling the entire period between this first motion and his second motion on November 12, 1996, would be contrary to our definition of "pending": Mr. Gibson was not "attempting to exhaust state remedies" during this entire period. *Barnett* [*v. Lemaster*], 167 F.3d [1321,] 1323 [10th Cir. 1999]. We therefore hold that, after Mr. Gibson's thirty days to appeal expired, the limitations period was not tolled until he filed his second application for leave to appeal in the state district court on November 12, 1996.

*Gibson*, 232 F.3d at 806-07.

(Doc. 12, p. 8).  The granting of post-conviction relief under Rule 3.850 is not a certainty, yet such an application that is "properly filed" prior to expiration of the statute of limitations tolls the limitation period.  Furthermore, a finding that this petitioner's application for belated appeal tolled the limitation period would not "allow state prisoners to use belated appeal petitions to stall out state judgment finality," by delaying finality of the state judgment during the intervening period preceding the state court's ultimate denial of the petition.  If the respondent feels this is something prisoners will try to use to their advantage, it should be noted that in order for the prisoner to "stall" in this manner, he would first have to miss his deadline for appealing, not a wise tactic.  Clearly, this situation will be the exception, not the rule.  As *Moore* compels and this court concludes, petitioner's initial motion for post-conviction relief ceased to be "pending" for purposes of calculating the federal habeas corpus tolling provision when the 30-day appeal period lapsed.  His "properly filed" petition for belated post-conviction appeal was "pending," and tolled the limitation period under § 2244(d)(2), no sooner than the date it was filed.

      Returning, then, to the running of the statute of limitations clock in this case, as noted earlier the clock began to run again on November 4, 2003 upon the conclusion of petitioner's Rule 3.800 proceedings.  At that time, petitioner had used 258 days of his allotted 365 days, and had 107 days remaining.  Approximately 90 days elapsed until petitioner filed his petition for belated appeal on February 3, 2004.  That petition was still pending on March 24, 2004, the date petitioner filed his federal habeas petition.  (The Florida First DCA denied petitioner's petition for belated post-conviction appeal six days later on March 30, 2004.).  The court therefore concludes that the instant federal habeas petition is not time-barred.

      Accordingly, it is respectfully RECOMMENDED:

      1.  That respondent's motion to dismiss(doc. 12) be DENIED.

      2.  That petitioner's motion to dismiss (doc. 15), construed as a motion to deny respondent's motion to dismiss (doc. 15) be GRANTED.

      3.  That respondent be directed to address the merits of the claims raised in petitioner's amended § 2254 petition or assert other procedural defenses within

**thirty (30) days of the district court's order adopting this Report and Recommendation.**

At Pensacola, Florida this 4th day of January, 2005.

/s/ *Miles Davis*
**MILES DAVIS
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. A copy of any objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings.** See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).